UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

Bankruptcy Court case number: 9:08-bk-11535 RR
Adversary number: 9:11-ab-01146 RR

**CASE NO.:** <u>CV 11-04575 SJO</u>     **DATE:** <u>September 9, 2011</u>

**TITLE:** <u>In Re Estate Financial Mortgage Fund, LLC</u>

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz        Not Present
Courtroom Clerk        Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**     **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present        Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER DENYING DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT AS TO ADVERSARY PROCEEDING** [Docket No. 6]

This matter is before the Court on Defendants Bryan Cave, LLP and Katherine M. Windler's (collectively, "Defendants") Motion to Withdraw the Reference to the Bankruptcy Court as to Adversary Proceedings ("Motion"), filed on May 26, 2011.[1] Plaintiff Bradley D. Sharp, Chapter 11 Trustee to Debtor Estate Financial Mortgage Fund, LLC. ("EFMF") ("Plaintiff"), filed an Opposition to the Motion on June 20, 2011, to which Defendant replied. No hearing date was set on the Motion. For the following reasons, Defendants' Motion is **DENIED**.

I.    <u>BACKGROUND</u>

Estate Financial, Inc. ("EFI") was a mortgage brokerage company engaged in the business of funding, servicing and managing commercial and construction loans secured by real estate located in California. (EFMF Req. for Judicial Notice ("EFMF RJN") Ex. 20 at 445.) EFI funded its loans with money obtained from individual investors or from Estate Financial Mortgage Fund, LLC ("EFMF"), a funding company formed by EFI in 2002 for the purpose of investing in EFI-brokered loans. (*Id.*) In November, 2006, EFI retained Defendants to conduct a compliance review and audit for both EFI and EFMF's business practices. (*Id.* at 446.)

On July 1, 2008, EFMF filed a voluntary Chapter 11 bankruptcy petition. (EFMF RJN Ex. 3 at 40.) In response to the order for relief, the court appointed Plaintiff to EFMF's estate on July 25, 2008. (*Id.* at 42.) On March 31, 2010, Defendants filed proofs of claim ("Proof of Claim") totaling $281,684.25 in EFMF's bankruptcy for unpaid fees. (EFMF RJN Ex. 9 at 268.) Plaintiff

---

[1] Plaintiff filed a Request for Judicial Notice of documents from the underlying bankruptcy proceeding 9:08-bk-11535-RR and from the adversarial proceeding 9:11-ap-01146-RR. The Court GRANTS Plaintiff's request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.: CV 11-04575 SJO                                    DATE: September 9, 2011

subsequently notified Defendants on June 11, 2010 that Plaintiff intended to commence litigation against them with causes of action stemming from Defendants' legal representation of EFMF. (EFMF RJN Ex. 15 at 307.) Shortly thereafter, Plaintiff and Defendants entered into a tolling agreement to allow more time to explore alternatives to litigation. (*Id.*) In a final effort to avoid litigation, Defendants and Plaintiff held a settlement conference on April 28, 2011; because no progress was made at the conference, Plaintiff immediately filed his complaint against Defendants. (*Id.* at 301.)

Following notice of the commenced action, Defendants filed a Notice of Withdrawal and Withdrawal of Claim ("Withdrawal of Claim") Pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure on May 2, 2011. (EFMF RJN Ex. 4 at 240.) In response, Plaintiff filed objections to Bryan Cave's Withdrawal of Claim on May 5, 2011. (*Id.*) Defendants filed the instant Motion with the Court on May 17, 2011. Defendants assert that the bulk of Plaintiff's claims are non-core to the bankruptcy proceedings because the claims are common-law causes of action arising out of Defendants' pre-petition representation of EFMF. (*See generally* Mot.) Defendants also assert that Plaintiff seeks a jury trial, and Defendants have not consented to a jury trial before the bankruptcy court. (*See generally* Mot.)

II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 157 ("section 157"), a district court has authority to withdraw reference to the bankruptcy court. *See* 28 U.S.C. § 157(d). Section 157(d) provides for both permissive and mandatory withdrawal, depending on the circumstances of the action. *Id.* For permissive withdrawal, section 157(d) authorizes "[t]he district court [to] withdraw, in whole or in part, any case or proceeding referred . . . on its own motion or on timely motion of any party, for cause shown." *Id.* When a party timely moves to withdraw proceedings that requires "consideration of both [T]itle 11 [of the Bankruptcy Code] and other laws of the United States regulating organizations or activities affecting interstate commerce," the court is mandated to withdraw the reference. *Id.* The party seeking withdrawal carries the "burden of persuasion." *FTC v. First Alliance Mortg. Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001) (citation omitted). It is within a district court's discretion to grant or deny a motion for permissive withdrawal of reference; that decision will not be disturbed unless the court abuses its discretion. *See In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990).

III.    DISCUSSION

Defendants fail to show cause for permissive withdrawal of the reference from bankruptcy court. "Permissive withdrawal is permitted only in a limited number of circumstances." *Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*, 355 B.R. 214, 223 (D. Haw. July 31, 2006) (citations omitted). The Ninth Circuit has held that "[i]n determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES - GENERAL**

CASE NO.:  <u>CV 11-04575 SJO</u>                    DATE:  <u>September 9, 2011</u>

///

///

      A.     <u>Core Matters</u>

Bankruptcy judges have jurisdiction to hear and determine all cases brought under Title 11 of the Bankruptcy Code and "all core proceedings" arising under Title 11, or arising in a case brought under Title 11.  *See* 28 U.S.C. § 157(b)(1).  Section 157(b)(1) authorizes bankruptcy judges to enter appropriate orders and judgments with respect to Title 11 cases and core proceedings, subject to review by the district court.  *Id.*  Although "core proceedings" is undefined, section 157(b)(2) sets forth a "non-exhaustive list" of core proceedings.  *See In re Yochum*, 89 F.3d 661, 669 (9th Cir. 1996) (citation omitted).

Adjudication of "counterclaims by the estate against persons filing claims against the estate" is characterized as a core proceeding.  28 U.S.C. § 157(b)(2)(D).  A counterclaim, "even one based entirely on state law, can be a core proceeding . . . ."  *In re Marshall*, 600 F.3d 1037, 1058 (9th Cir. 2010) (quotes omitted).  The Ninth Circuit, however, recently clarified in *In re Marshall* that simply because a counterclaim "falls within the plain language definition of a core proceeding" of Section 157(b)(2) does not automatically make it a core proceeding.  *See id.* at 1056-57 (quotes omitted); *but cf. Perrin v. United States*, 444 U.S. 37, 42 (1979) ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning.") (citation omitted).  Rather, "[a] counterclaim to a proof of claim can be adjudicated as a core proceeding . . . if it is a 'necessary precursor to the resolution of [a proof of claim] against the bankruptcy estate.'"  *In re Gorilla Co. (Gorilla II)*, No. 10-1029, 2010 WL 4038842, at *2 (D. Ariz. Oct. 14, 2010) (quoting *Marshall*, 600 F.3d at 1040).  In other words, the counterclaim must be "so closely related to the proof of claim that the resolution of the counterclaim is necessary to resolve the allowance or disallowance of the claim itself."  *Marshall*, 600 F.3d at 1058 (citation omitted).

"The existence of core matters weighs in favor of resolution of the adversary proceeding by the bankruptcy court."  *Hawaiian Airlines*, 355 B.R. at 223.  This is because "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues."  *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *accord Molina*, 2010 WL 3516107, at *2; *In re Woldrich*, No. 10-1245, 2010 WL 3087487, at *1 (D. Ariz. Aug. 6, 2010).

      B.     <u>Plaintiff's Counterclaims</u>

Defendants assert that Plaintiff's claims for professional negligence, negligence, aiding and abetting breach of fiduciary duty, breach of contract, and fraud are non-core because the claims are common-law causes of action arising out of Defendants' pre-petition representation of EFI. (Mot. 1:6-8.)  However, Plaintiff argues that these counterclaims are related to the bankruptcy claims because Defendants were hired to conduct a "compliance review and audit" regarding EFI's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 11-04575 SJO</u>    DATE: <u>September 9, 2011</u>

business practices, had knowledge of EFI's non-complaint business activities, failed to properly advise its client, and counseled EFI to continue their current business practices. (Opp'n 5:1-4; 5:26-28.)

Firstly, Plaintiff's claims are actually "counterclaims" because they are "counterclaims asserted by a debtor against [] persons filing claims in [a] bankruptcy case . . . ." *See In re Gorilla Co. (Gorilla I)*, 429 B.R. 308, 312 (D. Ariz. 2010); *see also Marshall*, 600 F.3d at 1040 (where debtor "made a counterclaim" against a person who "filed a proof of claim"). Secondly, the Ninth Circuit has made abundantly clear that a counterclaim, "even one based entirely on state law, can be a core proceeding . . . ." *Marshall*, 600 F.3d at 1058 (citing *In re Harris*, 590 F.3d 730, 738-41 (9th Cir. 2009) (holding that a state law contract claim was a "core proceeding" that "arose under" Title 11 of the Bankruptcy Code)). In fact, section 157(b)(3) mandates "[a] determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3).

The fact that Plaintiff's counterclaims fall within the plain language definition of a core proceeding under section 157(b)(2) is not dispositive in and of itself. The Court must apply the narrower test outlined by the *Marshall* court. The Court finds that Plaintiff's "counterclaims" are so closely related to Defendants' Proof of Claim that the resolution of the counterclaims is necessary to resolve whether the Defendants' claim should be allowed or disallowed. *See Marshall*, 600 F.3d at 1058. Defendants allege that Plaintiff owes $281,684.25 in legal fees. (Def.'s Mot. 3:22-23.) Plaintiff's "counterclaims" relate to Defendants' legal services in performing compliance review of Plaintiff's business activities. (Opp'n 4:27-5:6.) Plaintiff argues that Defendants' compliance review revealed that EFI's offering materials and business practices violated various legal obligations relating to the use of trust funds in the administration of loans, and loan brokering activities. (Opp'n 5:12-17.) However, Defendants failed to disclose these violations when it submitted Plaintiff's application and offering materials for an issuance of a permit by the Department of Corporations to solicit investors. Rather, Plaintiff alleges that Defendants counseled EFI to continue their current business practices, which ultimately led to EFI's bankruptcy. (*Id.* at 4:13-18.) Therefore, to determine whether Defendants' claim should be allowed or disallowed, in whole or in part, a court has to first resolve Plaintiff's counterclaims. *See Sternberg v. Johnson*, 595 F.3d 937, 946 (9th Cir. 2010) (stating that a successful plaintiff in a legal malpractice action may recover "initial fees a plaintiff pays or agrees to pay an attorney for legal services that were negligently performed" and "corrective fees incurred by the plaintiff for work performed to correct the problem caused by the negligent lawyer.") (citation omitted)).

Accordingly, Plaintiff's counterclaims are core proceedings that the bankruptcy court should hear and resolve. *See Hawaiian Airlines*, 355 B.R. at 223; *Molina*, 2010 WL 3516107, at *2.

    C.    <u>Demand for Jury Trial</u>

Defendants also request to withdraw the reference because Plaintiff seeks a jury trial, and Defendants have not consented to a jury trial before the bankruptcy court. In order for the bankruptcy court to conduct a jury trial, it must have the consent of the parties. 28 U.S.C. §

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  _____
Send      _____
Enter     _____
Closed    _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** CV 11-04575 SJO          **DATE:** September 9, 2011

157(e); *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) ("where a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to the district court is appropriate."). The "great majority of courts" and the Ninth Circuit have held that "[a] valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred to the district court." *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007). The bankruptcy court may retain jurisdiction over the action for pre-trial matters such as discovery, pre-trial conferences, and routine motions. *See id*. at 787-88. Even where withdrawal of the reference may ultimately be necessary, the Court may choose not to withdraw immediately so as to take advantage of the bankruptcy court's familiarly with the facts and expertise in the law. *See Nat'l Hockey League v. Moyes*, 2010 WL 3719289, at *2 (D. Ariz. 2010) (holding that "bankruptcy courts generally are best equipped to manage all pretrial issues and that the ultimate need for district court adjudication is speculative.").

Despite Plaintiff's demand for a jury trial, judicial economy and efficiency still require the Court to deny the Motion because of "the bankruptcy court's unique knowledge of Title 11 and familiarity with the [instant] action[] before [it]." *Id.* (citations omitted). The bankruptcy court has entertained this action for over three years, has become familiar with the facts of the case, and has thus far directed significant resources to resolving this matter. (EFMF RJN Exs. 3, 4.) The Court will divest jurisdiction from the bankruptcy court when this action is ready for trial and no sooner. *Id.* at 788;  *see, e.g., In re Apponline .Com., Inc.*, 303 B.R. 723, 727 (E.D.N.Y. 2004) (A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme. (quoting *In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y.1992))); *In re Commercial Fin. Serv., Inc.*, 239 B.R. 586, 597 (Bankr.N.D.Okla.1999); *In re Hardesty*, 190 B.R. 653, 656 (D.Kan.1995) ("Even if a jury trial may constitute cause for withdrawal, the district court may decline to withdraw the reference until the case is ready for trial.").

IV.     RULING

For the foregoing reasons, Defendants' Motion to Withdraw the Reference is **DENIED** and this case is hereby remanded back to the bankruptcy court.

IT IS SO ORDERED.